UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

ERIC DEVON MATHIS,

    Plaintiff,

V.

J. F. CARAWAY, et al,

    Defendants.

Civil Action No. 6: 15-181-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Eric Devon Mathis was formerly an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky.[1] Proceeding without an attorney, Mathis filed a complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] The Court granted Mathis *pauper* status in a prior Order. [R. 5]

The fountainhead for Mathis's troubles appears to have been his "chronic/severe masturbation illness," a condition which he describes as causing him to masturbate "almost 20 times a day" in his cell, but (he is quick to add) "only while female staff are at the outside of the door." [R. 1 at 5] Apparently the presence of doors with bars was not sufficient to convince said staff members that Mathis's amorous displays were entirely innocent, predictably resulting in disciplinary action by prison officials. But Mathis alleges that many prison staff went too far, by refusing to provide him with prescription medications for myriad

---

[1] The Bureau of Prisons ("BOP") online Inmate Locator Database indicates that Mathis was released from custody on December 14, 2015, shortly after he filed his complaint in this matter. See https://www.bop.gov/inmateloc/ (last visited on August 30, 2016). Mathis did not file a formal change of address after his release, but just prior to it he advised the Clerk that his address after his release would be 4814 Rolling Meadows Apt. #104, Dallas, TX, 75211. [R. 7-1] The Clerk of the Court will be directed to update Mathis's mailing address accordingly.

physical and psychological ailments, which include chronic hypertension, neuropathy, radiculopathy, depression, stress, anxiety, and folliculitis. He further alleges that on one occasion guards kept him outside in freezing temperatures for several hours, and on another he was kept in hard ambulatory restraints for three days. Mathis states that these actions caused him to suffer both psychological and physical harm, although he does not identify the nature or extent of either. [R. 1 at 3-7]

Mathis's claims, directed loosely against thirty named defendants,[2] fall into five categories. First, Mathis alleges that officers Reams and Parson negligently failed to give him his medication one morning, and that Parson told him that he would be the "next Michael Brown," which he characterizes as an implied threat. [R. 1 at 3] Second, he contends that one day officers Hubert, Long, and McKnight detained him for several hours in an outside cell with temperatures below freezing. *Id.* Third, Mathis alleges that in February 2015 officer Fowler ordered that he be placed in hard ambulatory restraints, which remained in place for three days, causing nerve damage in his left arm, wrist and hand. [R. 1 at 3] Mathis's fourth and primary claim alleges that eighteen health service providers, nurses, psychologists and health care administrators denied his requests for medical and psychological treatment because he had repeatedly been found openly masturbating in his cell in the presence of female staff.[3] [R. 1 at 3-4] Fifth and finally, Mathis states that senior

---

[2] Actually, the Court's docket lists thirty-six distinct defendants. Four of those - nurses Stephens, Phillips, and Miracle as well as Assistant Warden Barron - appear twice, likely because in his amended complaint Mathis either spelled their last name differently or described their position in a different manner than he did in his original complaint. Mathis also amended his complaint to add BOP Director Samuels as a defendant, but he likely intended Samuels as a replacement for the previously "unidentified General Counsel" who denied his inmate remedy #806647-A1. Finally, Mathis added Officer Wiess as a defendant in his amended complaint, but never mentioned him or made any allegations against him in either his original or amended complaints. [R. 7 at 10-11]

[3] Mathis indicates that this claim is directed towards health service providers Bryant, S. Sumner, Morrow, A. Lawson, J. Keith, Stoval, West, C. Davis, and King; nurses N. Stephens, A. Phillips, and K. Miracle; psychologists Lemon, Handel, Hill, Ericson, and Weaber; and Health Services Administrator Jones.

2

BOP leadership, including USP-McCreary Assistant Wardens Smith and Barron, Warden Holland, Mid-Atlantic Regional Director Caraway, Regional Counsel Melladay, and BOP Director Samuel, became aware of these actions when they responded to his inmate grievances but failed or refused to act. [R. 1 at 5]

In a prior Order, the Court directed Mathis to file an amended complaint to better explain the legal grounds for his claims, at least in a manner sufficient to satisfy the minimum pleading requirements of the Federal Rule of Civil Procedure 8. In doing so, the Court noted that it was unclear whether Mathis intended to assert a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). [R. 5] Mathis filed an amended complaint, but it does virtually nothing to clarify the basis for his claims, adding only that they are predicated upon asserted violations of his constitutional rights. [R. 7 at 4] Mathis provided documentation indicating that he made at least some effort to exhaust perhaps some of his constitutional claims [R. 1-1, pp. 28, 30-33], but the Court is unable to conclusively determine the sufficiency of those efforts because Mathis did not include copies of the grievances he filed, which would set forth the factual basis for his grievances.

The Court reviews Mathis's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Having thoroughly reviewed the complaint and its supporting documentation, the Court concludes that Mathis's first and last claims must be dismissed, but that the remaining defendants should be served to respond to the remainder.

As previously noted by the Court, Mathis's original complaint included a copy of a Form SF-90, *Claim for Damage, Injury, or Death*, filed by Mathis [R. 1-1 at 1-4], as well as a copy of the BOP's August 20, 2015 letter rejecting that claim form as incomplete and nonspecific [R. 1-1 at 34]. The former is ordinarily used to seek pre-filing administrative settlement of a claim to satisfy preconditions to suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. But Mathis's complaint did not expressly assert a claim under the FTCA, nor did he name the United States as a defendant. Notwithstanding the Court's invitation to clarify whether he intended to assert a claim under the FTCA [R. 5 at 2], Mathis neither asserted such a claim in his amended complaint nor did he add the United States as a defendant. [R. 7] In light of Mathis's silence and because the "[f]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction," *Allgeier v. United States*, 909 F. 2d 869 (6th Cir. 1990), the Court concludes that Mathis's complaint cannot be read to either assert or state a viable FTCA claim.

Mathis's first claim alleges that as a result of negligence officers Reams and Parson failed to give him his medication one morning, and that Parson impliedly threatened him by saying that he would be the "next Michael Brown." [R. 1 at 3] While these allegations, if true, are unfortunate, neither states a claim for violation of Mathis's constitutional rights. As to the first allegation, the Supreme Court has long held that a government official is not liable when a negligent act causes a violation of the plaintiff's civil rights; intentional conduct is required. *Daniels v. Williams*, 474 U.S. 327, 330-34 (1986). The alleged negligent failure of Reams and Parson therefore fails to state a claim of constitutional dimension. As to the

4

second allegation, it is well-established in the Sixth Circuit that while a guard's use of words alone (whether racial slurs or implied threats) is "unprofessional and reprehensible, [it] does not rise to the level of constitutional magnitude." *Jones-Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007); *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."). These claims will therefore be dismissed with prejudice.

Mathis's fifth claim asserts that he filed grievances describing these events, including the denial of medication and extended placement in restraints, but none of the officials who responded to his grievances took any remedial action. These allegations fails to state a claim upon which relief may be granted because none of these individuals were personally involved in the conduct complained of in the grievances, and merely responding to an inmate grievance with respect to that care is not a basis to impose liability. *Cuco v. Federal Medical Center - Lexington*, 2006 WL 1635668, at *22 (E.D. Ky. Jun. 9, 2006) (*citing Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999), *aff'd*, 257 F. App'x 897 (6th Cir. 2007); *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). This claim must therefore also be dismissed.

The Court cannot conclusively determine the sufficiency of the balance of Mathis's claims, *cf. Hamm v. Hatcher*, No. 05CV503(ER), 2013 WL 71770, at *7-11 (S.D.N.Y. Jan. 7, 2013) (noting that in some circumstances the temporary deprivation of needed prescription medications can violate the Eighth Amendment), and will therefore direct that the remaining defendants be served with process to answer them. Because the Court has granted Mathis

*pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve the summons and complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, in an effort to avoid, to the extent it is possible to do so, requiring federal marshals to expend the considerable time, expense, and disruption involved in personally serving each of the remaining twenty-two defendants with process at the prison, the Court will first request that the United States Attorneys Office for the Eastern District of Kentucky, which typically represents defendants in such proceedings, determine whether any or all of the defendants will permit counsel to accept service of process on their behalf. If such consent is given, counsel should so advise the Court, and the Court will provide counsel with such time as is necessary to prepare and file a unified response on behalf of all of the defendants.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall update the docket to reflect that Mathis's current mailing address is 4814 Rolling Meadows Apt. #104, Dallas, TX, 75211.

2. The Clerk of the Court shall **REMOVE** identified defendants "Pill Provider Stephens," "Pill Provider Phillips," "Pill Provider Miracle," "Assistant Warden Barone," and "General Counsel, signature at enclosed remedy #806647-A1" as duplicative. The claims against defendant Lt. Officer Wiess are **DISMISSED** for failure to state a claim.

3. The claims against USP-McCreary Correctional Officer Reams; USP-McCreary Special Ops Lieutenant Parson; USP-McCreary Assistant Warden Barron; USP-McCreary Assistant Warden Smith; USP-McCreary Warden J.C. Holland; BOP Mid-Atlantic Regional Director J.F. Caraway; BOP Mid-Atlantic Regional Counsel Matthew W. Melladay; and BOP Director Charles Lee Samuel, Jr. are **DISMISSED WITH PREJUDICE**.

4. The Deputy Clerk shall prepare three "Service Packets" for consisting of:

   a. a completed summons form;

b. the original and amended complaints [R. 1, 7];

c. this Order; and

d. a completed USM Form 285.

5. The Deputy Clerk shall send the Service Packet(s) to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

6. The USMS shall send Service Packets by certified or registered mail to (A) the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; (B) the Office of the Attorney General of the United States in Washington, D.C; and (C) the Central Office of the Federal Bureau of Prisons in Washington, D.C.

7. The United States Attorney for the Eastern District of Kentucky shall endeavor to contact the defendants identified immediately below, all or current or former officials employed at USP-McCreary, and determine whether he or she will consent to have counsel accept service of process on his or her behalf, and shall so advise the Court:

      A.      Special Ops Lieutenant McNight

      B.      Special Ops Lieutenant Hubert

      C.      Special Ops Lieutenant Fowler

      D.      Special Ops Lieutenant Long

      E.      Health Services Provider Bryant

      F.      Health Services Provider S. Sumner

      G.      Health Services Provider Morrow

      H.      Health Services Provider A. Lawson

      I.      Health Services Provider J. Keith

      J.      Health Services Provider Stoval

      K.      Health Services Provider West

L. Health Services Provider C. Davis

M. Health Services Provider King

N. N. Stephens, R.N.

O. A. Phillips, R.N.

P. K. Miracle, R.N.

Q. Psychologist Lemon

R. Psychologist Handel

S. Psychologist Hill

T. Psychologist Ericson

U. Psychologist Weaber

V. Health Services Administrator Jones

8. Mathis must immediately advise the Clerk's Office of any change in his current mailing address. Failure to do so will result in dismissal of this case.

9. If Mathis wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Mathis files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.

Entered September 2, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY